UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 11-63-JBC

PAMULA S. DURBIN, PLAINTIFF,

V. MEMORANDUM OPINION AND ORDER

MICHAEL ASTRUE, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION, DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Pamula Durbin's appeal of the Commissioner's denial of her application for disability insurance benefits ("DIB"). R. 10, 11. The court, having reviewed the record and being otherwise sufficiently advised, will grant the Commissioner's motion and deny Durbin's motion.

I. Background

Durbin alleges disability due to, among other things, degenerative disc disease of the lumbar and cervical spines with associated chronic pain, mild mental retardation, and depression / anxiety. She alleges August 1, 2003, as the starting date of her disability (the same day that the factory where she had worked for almost ten years closed). Durbin filed an application for disability insurance benefits in January 2005. Her application was denied initially and again upon

reconsideration. Durbin then requested a hearing before an administrative law judge (ALJ). In his 2006 decision, the ALJ found that Durbin was not disabled. After the Appeals Council denied her request for review, Durbin sought review in this court pursuant to 42 U.S.C. §405(g). In 2009 this court reversed the ALJ's decision and remanded the case to the Commissioner. In 2010, the ALJ held a new hearing and again found Durbin to be not disabled. The present appeal followed a request for review over which the Appeals Council declined to assume jurisdiction.

**II. The ALJ's Determination**

In evaluating a claim of disability, an ALJ conducts a five-step analysis. *See* 20 C.F.R. §404.1520; *Jones v. Com'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003). In the present case, applying the five-step analysis, the ALJ concluded the following: Durbin had not engaged in substantial gainful activity since the alleged onset of the impairment, August 1, 2003; Durbin had several severe impairments, including borderline intellectual functioning, attention deficit hyperactivity disorder, major depression, personality disorder, a learning disorder in reading, polysubstance abuse, cervical and lumbar pain secondary to degenerative disc disease, borderline carpal tunnel syndrome, and hypothyroidism. A.R. 369; Durbin did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 CFR Part 404 Appendix 1; Durbin did not possess the residual capacity to put forth the light-to-medium level of exertion required under

her prior employment as an assembly line worker; However, based on her age, education, work experience, and residual functional capacity, jobs existed within the national economy that Durbin could perform. The ALJ concluded that Durbin was not disabled as defined by the Social Security Act.

**III. Legal Analysis**

Durbin argues that she is entitled to DIB and that the ALJ's determination that she is not mentally retarded under listing 12.05C is not based on substantial evidence. Listing 12.05C provides in pertinent part as follows:

> "Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> . . .
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;

In his analysis of Durbin's case, the ALJ conflated the three parts of this test. Had he considered each part separately, his analysis suggests that he would have found that Durbin did not meet any of them. Durbin's verbal IQ was found in three tests to be between 60 and 70. (A.R. 545, 655, 690). The ALJ downplays the results of Durbin's IQ test, claiming that "it is generally accepted" that such tests are unreliable, and citing one of the test administrators who concluded that Durbin's actual adaptive functioning is higher than her scores would indicate. A.R. 373. In fact, Durbin does satisfy the first of the two-prong requirements under part C.

The ALJ's finding that Durbin has a long list of "severe impairments" could have been sufficient to satisfy the second prong of 12.05C as well. However, even if the ALJ erred in his evaluation of Durbin under both prongs of 12.05C, such errors would not have prejudiced Durbin because substantial evidence supports the ALJ's conclusion that Durbin did not meet the diagnostic description of mental retardation. In the Sixth Circuit, "a claimant must demonstrate that her impairment satisfies the diagnostic description for the listed impairment in order to be found disabled thereunder." *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

The ALJ's determination that Durbin's impairment did not satisfy the diagnostic description in 12.05's introductory paragraph is supported by substantial evidence. *See Brainard v. Sec'y of Health & Human Servs*. 889 F.2d 679, 681

(6th Cir. 1989). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard* at 681 (citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

## IV. Conclusion

The substantial evidence that supports the ALJ's conclusion includes the fact that Durbin had steady gainful employment for years at a factory that ceased only when the factory shut down, as well as the fact that she could "function on her own in the outside world" (including driving, shopping, and socializing with friends and family). A.R.373. Because it is supported by substantial evidence, the ALJ's determination that Durbin was not disabled must be affirmed, "even if there is substantial evidence that would have supported the opposite conclusion." *Blakely v. Comm'r of Soc. Sec.* 581, F.3d 399, 405 (6th Cir. 2009). Accordingly,

**IT IS ORDERED** that the commissioner's motion for summary judgment (R. 11) is **GRANTED** and Durbin's motion for summary judgment (R. 10) is **DENIED**.

Signed on December 6, 2011

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY